IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAMIEN EARL KIMBLE | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv136 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Damien Earl Kimble, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Prior Proceedings

A federal grand jury returned an indictment against movant and three other individuals on May 2, 2018. In count one, the defendants were charged with conspiring to obstruct, delay, and affect interstate commerce by robbery. Movant was also charged with three counts of robbery, two counts of attempted robbery, four counts of brandishing a firearm in connection with a crime of violence and discharging a fiream in connection with a crime of violence. Pursuant to a written Plea Agreement, movant pled guilty to the conspiracy charge. The remaining charges were dismissed on the government's motion. Movant was sentenced to 150 months of imprisonment. His appeal was dismissed by the United States Court of Appeals for the Fifth Circuit after counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2001).

Grounds for Review

Movant asserts he received ineffective assistance of counsel because: (1) trial and appellate counsel were not aware of recent developments in the law pertaining to his case; (2) counsel permitted movant to plead guilty to an offense that does not exist; (3) counsel's ineffectiveness

resulted in a seven level increase in his offense level for discharging a firearm; and (4) counsel failed to lodge objections to the Presentence Report.

## Standard for Review

A court may grant relief under 28 U.S.C. § 2255 only for a "transgression of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "A collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). "Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *Vaughn*, 955 F.2d at 368.

## Analysis

*Legal Standard for Ineffective Assistance of Counsel*

To prevail on an ineffectiveness of counsel claim, a movant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1994). For a movant to demonstrate deficient performance, a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance must be overcome. *Id*. at 698; *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). To show prejudice, there must be a reasonable probability that but for counsel's professional errors, the result of the proceeding would have been different. *Id*. at 687; *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

A. Failure to Be Aware of Recent Developments in the Law

Movant states that prior to the entry of his guilty plea, the Fifth Circuit, in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2018), held that the use of the phrase "crime of violence" in 18 U.S.C. § 16(b) made the statute unconstitutionally vague. He asserts the same holding was made in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In addition, he states the phrase "crime of

2

violence" as used in Section 924(c)(3)(B) was held to be unconstitutionally vague in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018) ("*Davis I*"), and in *United States v. Davis,* 139 S. Ct. 2319 (2019) ("*Davis II*"). Movant asserts that if trial counsel had been aware of these decisions, he would not have advised movant to plead guilty. He further asserts appellate counsel should not have filed an *Anders* brief. He contends appellate counsel should have cited these cases as part of his appeal.

In *Davis II*, the Supreme Court held that the residual clause of 18 U.S.C. 924(c)(3)(B), which defines the term "crime of violence" is unconstitutionally vague. The defendants in *Davis II* were charged with robbery under the Hobbs Act, conspiracy to commit robbery under the Hobbs Act and possessing a firearm in furtherance of a crime of violence. However, *Davis II* only challenged the convictions for possessing a firearm in furtherance of a crime of violence.

The Supreme Court's decision in *Davis II*, as well as the other cases movant cites, all involve the phrase "crime of violence." This phrase does not appear in 18 U.S.C. § 1951, the statute movant was convicted of conspiring to violate.[1] As a result, these decisions have no effect on movant's case. While movant was charged with violating Section 924(c), those charges were dismissed. Movant was convicted of conspiring to commit Hobbs Act robbery. None of the decisions cited establish that Section 1951 is unconstitutionally vague or even call into question whether it is void for vagueness.

The cases cited by movant are not relevant to his offense. As a result, trial counsel was not ineffective for failing to raise these cases before the trial court and appellate counsel was not ineffective because she did not cite these cases on appeal.

B. <u>Allowing Movant to Plead Guilty to Nonexistent Offense</u>

Movant states counsel was ineffective for permitting him to plead guilty for what he considers to be a nonexistent offense. This argument relies on the holding in *Davis II* and the other cases listed above. As previously explained, none of these cases held that Section 1951 is unconstitutionally vague or provided a basis for counsel to argue Section 1951 is invalid. This ground for review is

---

[1] Section 1951 makes it a crime to obstruct, delay or affect commerce by robbery or extortion.

therefore without merit because counsel did not permit movant to plead guilty to a nonexistent offense.

    C. <u>Increase in Offense Level for Discharging a Firearm</u>

In connection with sentencing, movant's offense level was increased by seven levels pursuant to § 2B3.1(b)(2) of the United States Sentencing Guidelines based on the discharge of a firearm. Movant asserts this increase was improper under *Davis II*. He states that if *Davis II* had been cited at his sentencing hearing, his offense level would not have been increased.

The holdings of the Supreme Court in *Davis II* have been described above. These holdings have no effect on whether or not a defendant's offense level should be increased as a result of the discharge of a firearm. Nor did *Davis II* involve the application of the Sentencing Guidelines. Finally, the phrase "crime of violence," which was the phrase at issue in *Davis II*, does not appear in § 2B3.1(b)(2) of the Guidelines.

As the decision in *Davis II* did not involve the Guidelines, any objection counsel would have made to the seven level increase based on *Davis II* would have been without merit. As a result, counsel's failure to make such an objection did not fall below an objective standard of reasonableness or result in prejudice.

    D. <u>Failure to Lodge Objections to Presentence Report</u>

Movant states that in connection with sentencing, the court determined his offense level was higher than that stipulated by the parties in the plea agreement. He contends counsel should have objected to the court's failure to comply with the Plea Agreement.

Under paragraph 5 of the Plea Agreement, the parties acknowledged that no one could predict with certainty the court's consideration of the Guidelines. The parties stipulated to the following factors relating to movant's sentencing range: (1) the base offense level was 20; (2) as a firearm was discharged, the offense level would be increased by seven levels; and (3) the offense level would be reduced by three levels based on movant's acceptance of responsibility, subject to the recommendation of the probation office. This paragraph also contained the following sentences:

"The parties understand that the court is not bound by these stipulations. Furthermore, the parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range."

A review of the sentencing transcript reveals the court determined movant's base offense level was 20. There was a seven level increase because a firearm was discharged, as well as a four level increase as a result of a multiple count adjustment. The offense level was also decreased by two levels based on movant's role in the offense and three levels based on acceptance of responsibility. As a result, the court concluded the total offense level was 26 rather than 24 as it would have been pursuant to the factors stipulated by the parties. However, the court specifically observed that the sentence calculation portion of the Plea Agreement was not binding on the court. Further, the parties had agreed that other offense characteristics could effect the sentencing range.

While movant's offense level was higher than it would have been under the stipulations agreed to by the parties, the Plea Agreement specifically provided that the court was not bound by the stipulations regarding sentencing. As a result, the calculation of movant's offense level did not violate the Plea Agreement and counsel would have had no basis to argue that the court failed to follow the Plea Agreement.

Movant also asserts counsel was ineffective with respect to the calculation of his criminal history category. In connection with sentencing, the court determined movant's criminal history category was VI. Movant states he was arrested for two different drug offenses on May 1, 2001, and sentenced for both offenses on January 7, 2002. The Presentence Report gave each of these offenses three points for the purpose of determining movant's criminal history category. Movant states counsel should have objected to each offense increasing his criminal history score by three points because there was no intervening arrest and he was sentenced for both offenses on the same day.

This contention does not provide movant with a basis for relief. As explained below, movant has failed to demonstrate that counsel's failure to object to the calculation of his criminal history category resulted in prejudice.

With respect to the sentence imposed, the court stated as follows:

> The court finds this to be a reasonable sentence in view of the nature and circumstances of the offense entailing the defendant's participation in a conspiracy to obstruct, delay, and affect commerce by Hobbs Act Robbery and aiding and abetting, his traveling to the site of a robbery at Finer Foods in Beaumont, Texas, in July, 2017, with his codefendant/son Darrion Kimble who brandished a rifle while codefendant Jackson brandished a pistol, jumped over the counter and demanded all the money in the register and pointed a gun at the clerk's face who handed over $2,000, his being on an open phone call with Darrion during the robbery, his traveling with Darrion later that same day to the Game Room in Beaumont where Jackson brandished a pistol and Darrion brandished a rifle while the two attempted to rob the business, his being on an open phone call with Darrion during the incident, his paying $350 to bail Jackson out of jail in February, 2018, his traveling to the Game Room in Port Arthur in March, 2018, in the company of three codefendants where he entered the business first and acted as scout before calling Darrion and Lewis, codefendants Jackson and Lewis' subsequent attempt to rob the business in which Jackson brandished a pistol and fired two rounds while Lewis served as the lookout before they fled in a vehicle driven by Darrion who served as the getaway driver, his being on an open three-way phone call with Darrion and Lewis during the incident, his traveling alone to a Dollar General store in Beaumont later that same day at which time Jackson and Lewis entered the store, Jackson brandished a pistol and robbed an employee of currency belonging to the store, and Jackson and Lewis returned to a vehicle driven by Darrion and fled the scene, his being on an open three-way phone call with Darrion and Lewis during the robbery, his extensive criminal history including prior convictions for resisting arrest, robbery, evading detention, possession of a controlled substance (2), delivery of a controlled substance (2), and felon in possession of a firearm, his failure to comply with a previous term of probation, his medical problems, and his history of substance abuse. It will serve as just punishment, promote respect for the law, and deter future violations of the law.
>
> Although the court finds the guideline calculations announced at the sentencing hearing to be correct, to the extent they were incorrectly calculated, the court would have imposed the same sentence without regard to the applicable guideline range in light of the factors set forth in 18 U.S.C. § 3553(a).

*United States v. Kimble*, 1:18cr142(3) (ECF No. 147 *15-17).

As this quotation shows, after fully considering the actions taken by movant, the court stated that even if the calculations under the Guidelines were incorrect, it would still have imposed the same sentence in light of the factors set forth in Section 3553(a). As a result, there is not a reasonable probability that, but for alleged error on the part of counsel, movant would have received a shorter sentence. *United States v. Williams*, 949 F.3d 1056, 1068 (7th Cir. 2020); *United States v. Whisman*, 757 F. App'x 391, 393 (5th Cir. 2019). He has therefore failed to demonstrate prejudice as a result of counsel not objecting to the calculation of his criminal history category.

Recommendation

This motion to vacate, set aside or correct sentence should be denied.

Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 18th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge