| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

DAMIEN EARL KIMBLE, §
§
      Movant, §
§
*versus* §   CIVIL ACTION NO. 1:21-CV-136
§
UNITED STATES OF AMERICA, §
§
      Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Damien Earl Kimble, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Movant challenges a conviction for conspiring to obstruct, delay and affect interstate commerce by robbery.

The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion to vacate be denied.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Movant filed objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Movant's objections focus on his ground for review asserting counsel was ineffective for failing to lodge objections to his Presentence Report. Movant states counsel should have objected because the court concluding his offense level was 26 violated the Plea Agreement. He also asserts counsel should have objected to the court's calculation of his criminal history category.

After carefully considering movant's arguments, the court agrees with the magistrate judge's conclusions regarding this ground for review. The Plea Agreement contained stipulations which would have resulted in an offense level of 24. In addition, however, the Plea Agreement clearly stated the court was not bound by these stipulations and that the parties agreed specific offense characteristics or guideline adjustments could increase or decrease the offense level. As a result, while the court ultimately determined movant's offense level was 26, this determination did not violate the Plea Agreement. Counsel was therefore not ineffective for failing to argue the court's calculation of the offense level violated the Plea Agreement.

The court determined movant's criminal history category was VI. Movant asserts counsel should have objected to the court increasing his criminal history score for two offenses which movant argues should have been considered as a single offense. Statements made by the court during the sentencing hearing, however, establish that even if the offenses had been considered as a single offense, which would have reduced movant's criminal history category to V, the court would have still imposed the same sentence. As a result, movant suffered no prejudice as a result of counsel not arguing that the two offenses should have been considered as a single offense.

## ORDER

Accordingly, movant's objections (#22) to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#19) is **ADOPTED**. An appropriate final judgment will be entered.

Furthermore, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not

proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether he is entitled to relief is subject to debate among jurists of reason. The factual and legal questions raised by movant have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**Signed this date**
Oct 23, 2023

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE